IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAWRENCE ONYEUGBO, | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 3:22-CV-1719-B-BH |
| | § | |
| THE PROVIDENCIA GROUP LLC, | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, *Defendant's Motion to Dismiss and Brief in Support*, filed October 3, 2022 (doc. 11), should be **GRANTED**. The plaintiff's response to the motion is liberally construed as a motion for leave to amend his complaint to add a new claim and is **GRANTED**.

## I.  BACKGROUND

Lawrence Onyeugbo (Plaintiff) sues his former employer, The Providencia Group LLC (Defendant), for race and national origin discrimination under Title VII of the Civil Rights Act of 1964 (Title VII). (doc. 3 at 2.)[2]

Defendant hired Plaintiff to be an Onsite Operations Coordinator in Dallas, Texas, beginning on April 12, 2021. (*Id*. at 1, 22.) On his first day, Plaintiff reported to the Dallas Convention Center with other new hires for onboarding. (*Id.*) At a meeting with a manager, he was

---

[1]By *Special Order 3-251*, this *pro se* case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

asked if he could speak Spanish and told for the first time that being bilingual was a job requirement. (*Id.*) Because Plaintiff did not speak Spanish, he was told to go home and escorted out of the facility. (*Id.* at 22.) On April 16, 2021, he received a termination letter. (*Id.*) He was never told that speaking Spanish was a requirement when he applied for the position or provided an opportunity to be transferred to a comparable role. (*Id.* at 2, 22.) During his two hours there, Plaintiff observed that "more than 80%" of his coworkers were "actually bilingual." (*Id.* at 2.)

On May 7, 2021, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), alleging he was "discriminated against because of [his] race, black African American, and [his] National Origin (non-Hispanic)" when he was terminated for his inability to speak Spanish. (*Id.* at 22-23.) The EEOC issued a Dismissal and Notice of Rights (Notice), which Plaintiff received on July 29, 2022 (*Id.* at 2-5, 19-20.) The Notice explained that based on the evidence gathered, the EEOC was unable to conclude that there was a violation of Title VII. (*Id.* at 19.) According to the information gathered from the EEOC's investigation, Plaintiff was hired as an outside Onsite Operations Coordinator to provide general administrative support to staff, but Defendant subsequently realized it needed employees with the ability to speak Spanish. (*Id.*) A manager met with Plaintiff and two other Onsite Operations Coordinators and "asked whether they spoke Spanish because they would need to communicate with Unaccompanied Children in their native tongue." (*Id.*) Because Plaintiff and the other coordinators did not speak Spanish and were unable to interact with Unaccompanied Children in their native tongue, they were terminated. (*Id.* at 19-20.)

Plaintiff filed this lawsuit on August 9, 2022, alleging that Defendant's decision to terminate him based on his inability to speak Spanish constitutes race and national origin

discrimination in violation of Title VII. (*Id.*) On October 3, 2022, Defendant moved to dismiss Plaintiff's claims for failure to state a claim. (doc. 11.) Plaintiff responded on October 18, 2022, and Defendant replied on October 25, 2022. (docs. 16; 20.)

## II.  RULE 12(b)(6)

Defendant moves to dismiss Plaintiff's claims against it under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (*See* doc. 11.)

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).

Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry*, 954 F.2d at 281. The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss or in a response to a Rule 12(b)(6) motion to dismiss, a court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007). However, if "matters outside the pleading[s] are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the

4

motion." Fed. Civ. P. 12(d).

Nevertheless, "pleadings" for the purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). Similarly, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (citations omitted). It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (referencing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)). Attachments falling under these three categories may be properly considered without converting the motion to dismiss into a motion for summary judgment.

Here, Plaintiff attached his EEOC charge, the Notice, and email correspondence between him and Defendant's staff, to his two-page complaint. (*See* doc. 3 at 3-26.) These attached documents are considered part of the pleadings. *See Katrina Canal Breaches Litig.*, 495 F.3d at 205. It is therefore unnecessary to treat Defendant's motion to dismiss as a motion for summary judgment.

### III.  TITLE VII

Title VII makes it unlawful for employers to discriminate against individuals with respect to their "compensation, terms, conditions, or privileges of employment, because of [their] race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). In a Title VII case, a plaintiff can establish discrimination through either direct or circumstantial evidence. *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 (5th Cir. 2001). Where the plaintiff offers circumstantial evidence

of discrimination, his discrimination claim is subject to "the burden-shifting analysis introduced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), which first requires [him] to establish a prima facie case of discrimination." *Saketkoo v. Administrators of Tulane Educ. Fund*, 31 F.4th 990, 997 (5th Cir. 2022) (citing Wallace, 271 F.3d at 219). Generally, a plaintiff must establish a prima facie case of discrimination by showing that he (1) belongs to a protected group; (2) was qualified for his position; (3) suffered an adverse employment action; and (4) was replaced by or was treated less favorably than a similarly qualified individual outside the protected class. *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007) (per curiam). While a plaintiff's complaint need not plead a prima facie case of discrimination in the motion to dismiss context, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002), the prima facie elements are not entirely irrelevant, and no plaintiff is exempt from his obligation to allege sufficient facts to state all the elements of his claim, *Puente v. Ridge*, 324 F. App'x 423, 427-28 (5th Cir. 2009).

"Title VII creates a federal cause of action for two largely separate theories of discrimination, disparate treatment and disparate impact." *Pacheco v. Mineta*, 448 F.3d 783, 787 (5th Cir. 2006) (citing *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 335 n.15 (1977)). "Disparate-treatment discrimination addresses employment actions that treat an employee worse than others based on the employee's race, color, religion, sex, or national origin," while disparate-impact discrimination "addresses employment practices or policies that are facially neutral in their treatment of these protected groups, but, in fact, have a disproportionately adverse effect on such a protected group." *Id.* (citation omitted).

A.    <u>**Disparate Treatment**</u>

Defendant argues that Plaintiff has failed to state a claim for disparate treatment because

his inability to speak Spanish does not qualify for protected status under Title VII, and he has not alleged any facts to show that his termination was based on race or national origin. (doc. 11 at 6.)

To properly allege a disparate treatment claim under Title VII, a plaintiff must plausibly plead two ultimate elements: (1) that he suffered an adverse employment action; and (2) that the action was taken "because of" his protected status. *See Cicalese v. Univ. of Tex. Medical Branch*, 924 F.3d 762, 767 (5th Cir. 2019). Language is not a protected category under Title VII. *See Chhim v. Spring Branch Indep. Sch. Dist.*, 396 F. App'x 73, 74 (5th Cir. 2010) (citing 42 U.S.C. § 2000e–2(a)(1)). While language requirements can be used as "a covert basis for national origin discrimination," there must be "evidence that discrimination was the purpose or result." *Id.* (citing *Garcia v. Gloor*, 618 F.2d 264, 268, 270 (5th Cir. 1980)). Courts have held that an employer's preference to only retain bilingual employees does not amount to unlawful discrimination under Title VII. *See Chhim*, 396 F. App'x at 74 (holding that defendant's "preference for bilingual employees did not discriminate on the basis of race or national origin"); *Church v. Kare Distribution, Inc.*, 211 F. App'x. 278, 279 (5th Cir. 2006) (concluding that employee terminated for not meeting company's bilingual language requirement failed to state a claim for race and national origin discrimination under Title VII); *Belian v. Texas A & M Univ. Corpus Christi*, 987 F. Supp. 517, 523 (S.D. Tex.), *aff'd sub nom.*, 132 F.3d 1453 (5th Cir. 1997) (noting that "a preference for a person with bilingual ability is not direct evidence of discrimination on the basis of national origin"); *Sanchez v. S. Pac. Transp. Co.*, No. 76-H-1871, 1980 WL 178, at *8 (S.D. Tex. May 20, 1980) ("Southern Pacific's desire to utilize bilingual persons as their liaison with Mexico does not imply discrimination on the basis of national origin.").

Here, Plaintiff generally alleges that Defendant discriminated against him based on race

7

and national origin when it terminated him on his first day of work for his inability to speak Spanish, and that the proffered reason was a pretext for discrimination, but he does not allege any facts that link the termination decision with his race or national origin. (*See* doc. 3 at 1-2; doc. 16 at 2.) While he alleges that he was not told of the Spanish-speaking requirement when initially hired, he admits that more than 80 percent of his coworkers were bilingual. (*See* doc. 3 at 1-2, 22; doc. 16 at 2.) The EEOC's findings which are part of the pleadings state that Defendant's "Spanish speaking requirement applied to all employees", and that two other new hires were also terminated the same day for not being able to speak Spanish. (*See* doc. 3 at 20.) The complaint does not "allege any facts, direct or circumstantial, that would suggest [Defendant's] actions were based on [Plaintiff's] race or national origin or that [Defendant] treated similarly situated [applicants] of other races or national origin more favorably." *Raj v. Louisiana State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). His allegations instead suggest that any adverse employment action was solely the result of his inability to speak Spanish. As explained, "[l]anguage is not a racial or national origin trait and, thus, cannot be the basis of a race or national origin discrimination claim." *Belmonte v. City of Dallas, Texas*, No. 3:19-CV-2656-G-BK, 2021 WL 1903707, at *2 (N.D. Tex. Feb. 9, 2021), *adopted by* 2021 WL 1895244 (N.D. Tex. May 10, 2021) (citing *Garcia v. Gloor*, 618 F.2d 264, 268-71 (5th Cir. 1980)).

Because Plaintiff's conclusory and general claims of discrimination due to his race and national origin are not sufficient to state a plausible claim for discrimination under Title VII, his disparate treatment claim is subject to dismissal. *See Whitlock v. Lazer Spot, Inc.*, 657 F. App'x 284, 287 (5th Cir. 2016) (affirming dismissal of plaintiff's race discrimination claim where his "conclusory allegations d[id] not contain sufficient content to allow us to draw the inference that

[defendant] is liable for terminating [plaintiff's] employment because of his race").

**B.**    **<u>Disparate Impact</u>**[3]

Defendant argues that Plaintiff fails to state a claim for disparate impact because he does not allege "how or which protected class Defendant's bilingual requirement adversely impacted." (doc. 20 at 2.)

"To establish a prima facie case of disparate impact, a plaintiff must both identify the employment practice that has the allegedly disproportionate impact and establish causation by offering statistical evidence to show that the practice in question has resulted in prohibited discrimination." *Stout v. Baxter Healthcare Corp.*, 282 F.3d 856, 860 (5th Cir. 2002). As noted, although a plaintiff need not plead a prima facie case at this stage of the proceedings, he must still allege facts to show "(1) a facially neutral policy; (2) that, in fact, has a disproportionately adverse effect on a protected class" in order to state a disparate impact claim. *Finch v. Tex. Health and Human Servs. Comm'n*, No. H-13-3716, 2015 WL 5674834, at *2 (S.D. Tex. Sept. 25, 2015) (quoting *Pacheco*, 448 F.3d at 791). A plaintiff "cannot merely allege a disparate impact, or

---

[3] Because Plaintiff is proceeding *pro se*, his pleadings are to be provided "a liberal construction." *Brown v. Sudduth*, 675 F.3d 472, 477 (5th Cir. 2012). As a general rule, claims and allegations that are not raised in the complaint, but rather raised for the first time in a response to a dispositive motion are not properly before the court. *See Hearn v. Deutsche Bank Nat. Trust Co.*, 3:13-CV-2417-B, 2014 WL 4055473, *4 n. 3 (N.D. Tex. Aug. 15, 2014); *Middleton v. Life Ins. Co. of North America*, H-09-CV-3270, 2010 WL 582552, *5 (S.D. Tex. Feb. 12, 2010) (finding claim raised for first time in response to motion to dismiss was not properly before the court); *see also Cutrera v. Board of Supervisors*, 429 F.3d 108, 113 (5th Cir. 2005) (explaining that a claim raised for the first time in a response to a motion for summary judgment is not properly before the court). Nevertheless, the Fifth Circuit has held that courts should construe new allegations and theories in responses to dispositive motions as motions to amend. *Cash v. Jefferson Assocs., Inc.*, 978 F.2d 217, 218 (5th Cir. 1992) (deciding that a response to a motion to dismiss in which plaintiff first alleged that she had been willfully discriminated against should be treated as a motion to amend); *see also Debowale v. U.S. Inc.*, 62 F.3d 395 (5th Cir. 1995) (per curiam) (holding that "[t]he district court should have construed [plaintiff's] *Bivens* claim, raised for the first time in his response to the summary judgment motion, as a motion to amend the complaint under [Rule] 15(a) and granted it"). "This is particularly true where ... the litigant is *pro se* and has not yet made any amendments to her complaint." *Riley v. Sch. Bd. Union Par.*, 379 F. App'x 335, 341 (5th Cir. 2010). Plaintiff's allegations and "disparate impact" claim in his response to Defendant's motion to dismiss are construed as a motion to amend, and it is granted.

9

point to a generalized policy that leads to such an impact." *Powell v. Dallas Morning News L.P.*, 776 F. Supp.2d 240, 257 (N.D. Tex. 2011) (citing *Meacham v. Knolls Atomic Power Lab.*, 554 U.S. 84, 100 (2008)). Rather, the plaintiff is "responsible for isolating and identifying the specific employment practices that are allegedly responsible for any observed statistical disparities." *Wards Cove Packing Co., Inc. v. Atonio*, 490 U.S. 642, 656 (quoting *Watson v. Fort Worth Bank and Trust*, 487 U.S. 977, 994 (1988)). "[P]roof of discriminatory motive is not required for disparate-impact claims." *Pacheco*, 448 F.3d at 791.

Here, Plaintiff alleges that Defendant's Spanish speaking requirement adversely affected a "protected class." (doc. 16 at 1.) His general and conclusory allegations are insufficient to state a claim for disparate impact discrimination based on race or national origin, however. *See Twombly*, 550 U.S. at 570. While he has identified a facially neutral policy, he does not identify the protected class that has been disproportionately impacted by that policy. *See Pacheco*, 448 F.3d at 791. As discussed, language is not a protected characteristic under Title VII. *See Chhim*, 396 F. App'x at 74. Moreover, Plaintiff has not alleged that other individuals of his national origin or race were terminated or denied employment by Defendant based on its bilingual policy. *See Pacheco*, 448 F.3d at 791; *see, e.g., Anderson v. Gen. Motors, LLC*, No. 4:17-CV-672-A, 2017 WL 5891804, at *5 (N.D. Tex. Nov. 28, 2017) (explaining that "the allegation that defendant's policies disparately impacted people in her Title VII protected class is insufficient, as she has provided no factual information to support that claim"). Even viewing Plaintiff's allegations in the light most favorable to him, he fails to allege a plausible claim of discrimination based upon disparate impact.

Because Plaintiff has not alleged a plausible claim of discrimination under Title VII, his disparate treatment and disparate impact claims against Defendant should be dismissed.

### IV.  OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Thomas v. Texas*, No. 3:17-CV-0348-N-BH, 2017 WL 11496979, at *2 (N.D. Tex. May 19, 2017). A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See id.* Nonetheless, courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically noted the failure to respond, and the plaintiff has had ample opportunity to amend the complaint. *Rodriguez*, 66 F.3d at 97. Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, it appears that Plaintiff has alleged his best case. His response to the motion to dismiss has been liberally construed as a motion for leave to amend and has been granted, but he was unable to articulate a basis for discrimination on any ground other than language. Because granting leave to amend would be futile, any further opportunity to amend is unwarranted.

### V.  RECOMMENDATION

Defendant's motion to dismiss should be **GRANTED**, and all claims against it should be **DISMISSED with prejudice** for failure to state a claim.

**SO RECOMMENDED** on this 22nd day of May, 2023.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE